Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
600 W. Broadway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014
Facsimile:(619) 330-1819

Attorneys for Plaintiffs, MICHELLE ROBINSON,
JESSICA BERCOW, and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE ROBINSON; JESSICA BERCOW; individually and on behalf of themselves and all others similarly situated, | Case No. **CLASS ACTION COMPLAINT** |
| PLAINTIFFS | |
| v. | JURY TRIAL DEMANDED |
| UNILEVER UNITED STATES, INC.; and DOES 1 through 25, inclusive. | |
| DEFENDANT. | |

1

**CLASS ACTION COMPLAINT**

COMES NOW PLAINTIFFS, MICHELLE ROBINSON and JESSICA BERCOW, WHO HEREBY ALLEGE THE FOLLOWING:

Plaintiffs, MICHELLE ROBINSON and JESSICA BERCOW ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against DEFENDANT, UNILEVER UNITED STATES, INC. ("DEFENDANT").

The allegations in this Complaint, other than those with respect to Plaintiffs, MICHELLE ROBINSON and JESSICA BERCOW, are stated on information and belief, have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## NATURE OF ACTION

1.     Plaintiffs, MICHELLE ROBINSON and JESSICA BERCOW ("Plaintiffs") file this class action lawsuit on behalf of herself and all similarly situated persons who purchased products branded by UNILEVER UNITED STATES, INC., which is commonly known as "DEFENDANT".

2.     Plaintiffs bring this action on behalf of herself and a California and Nationwide proposed class of purchasers of DEFENDANT for violations of California Consumer Legal Remedies Act, California False Advertising Law, breach of express warranty, unjust enrichment, fraud, negligent misrepresentation, and California Unfair Competition Law.  Plaintiffs and class members purchased DEFENDANT'S Products relying on such advertising, labeling, and statements: "natural".

2

**CLASS ACTION COMPLAINT**

**PARTIES**

3.      Plaintiffs, MICHELLE ROBINSON and JESSICA BERCOW ("Plaintiffs"), are citizens of California, who reside in the County of Los Angeles and San Diego; respectively.

4.      Plaintiffs altered their position in an amount equal to the amount they paid for DEFENDANT' Products (as defined below).

5.      UNILEVER UNITED STATES, INC. ("DEFENDANT") is a Delaware corporation with its principal place of business in 700 Sylvan Ave., Englewood Cliffs, New Jersey 07632.

6.      DEFENDANT sells products that are marketed and sold in retail stores throughout the United States under the brand name "ST. IVES". DEFENDANT'S Products (as defined herein below) contain false and misleading claims that are the subject of the instant lawsuit. DEFENDANT is the owner, manufacturer, packager, and/or a distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Products that claim it is natural or contains natural ingredients.

7.      That the true names and capacities, whether individual, corporate, associate or otherwise of each of the DEFENDANT designated herein as a DOE are unknown to Plaintiffs at this time, who therefore, sue said DEFENDANT by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiffs is informed and believes and thereon alleges that each of the DEFENDANT designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

**CLASS ACTION COMPLAINT**

8.    On information and belief, Plaintiffs alleges that at all times herein mentioned, each of the DEFENDANT was acting as the agent, servant or employee of the other DEFENDANT and that during the times and places of the incident in question, DEFENDANT and each of their agents, servants, and employees became liable to Plaintiffs and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiffs to sustain damages as set forth herein.    On information and belief, Plaintiffs alleges that DEFENDANT carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.    On information and belief, Plaintiffs alleges that the shareholders, executive officers, managers, and supervisors of the DEFENDANT directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein. DEFENDANT's officers, directors, and high-level employees caused DEFENDANT'S Products to be sold with knowledge or reckless disregard that the statements and representations concerning DEFENDANT Products were false and misleading.

9.    Plaintiffs are informed and believe, and thereon alleges, that each of said DEFENDANT is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction according to 28 U.S.C. § 1332(d), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs and most members of the proposed class are citizens of states different from DEFENDANT.  This

**CLASS ACTION COMPLAINT**

Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

11.     Pursuant to 28 U.S.C. §1391(a), venue is proper.  Plaintiffs are citizens of Los Angeles and San Diego, California; respectively.  This Court has personal jurisdiction over DEFENDANT because DEFENDANT conduct business in California and otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by this Court proper. DEFENDANT has marketed, promoted, distributed, and sold the products in California and in this District each of the Plaintiffs purchased DEFENDANT's Products.

## FACTUAL BACKGROUND

12.     Plaintiff, MICHELLE ROBINSON has purchased one or more of DEFENDANT'S Products in the county of Los Angeles.  Plaintiff, JESSICA BERCOW has purchased one or more of the DEFENDANT'S Products (as defined below) in the county of Los Angeles and county of San Diego.  Plaintiffs saw and read the front of the product packaging and relied on the representations, statements, and warranties "Made with 100% Natural Moisturizers" to mean the Products were 'natural' and did not contain synthetic and/or artificial ingredients.  Plaintiffs purchased one or more of the DEFENDANT'S Products at a premium price and would not have made the purchase had she known the labeling was false, deceptive, and/or misleading. Plaintiffs would purchase one or more of the DEFENDANT'S Products in the future once DEFENDANT conforms to its advertising, labeling, and/or marketing 'natural' related claims.

13.     DEFENDANT falsely promotes, advertises, and markets various skin care Products (as defined below) as all natural and/or made with all natural ingredients.  Based on DEFENDANT'S Products being labeled as 'natural'.  Plaintiffs and class members

**CLASS ACTION COMPLAINT**

paid a premium over comparable products.  Instead, DEFENDANT'S Products that are labeled as 'natural' (Made with 100% Natural Moisturizers") contain artificial and synthetic ingredients.  One of the purportedly natural Products contains dimethicone and/or phenoxyethanol. In or about April 2016, the Federal Trade Commission ("FTC") filed complaints against cosmetics manufacturers for representing that their products were "natural" when they contained one or both of the two ingredients herein complained of.  Four companies agreed to cease marketing the products in question as being "natural."[1]

14.    DEFENDANT manufactures, produces, and markets various skin care Products that are sold throughout the United States. DEFENDANT claims that the Products that are the subject of this action are DEFENDANT'S Neutrogena Sunscreen products.

15.    The products ("Products") that are the subject of this lawsuit include: (1) St. Ives Skin Reviewing Collagen Elastin Body Lotion, (2) St. Ives Soft & Silky Coconut & Orchid Body Lotion, (3) St. Ives Daily Hydrating Vitamin E & Avocado Body Lotion, (4) St. Ives Intense Healing Cranberry & Grapeseed Body Lotion, (5) St. Ives Refresh & Reverse Pear Nectar & Soy Body Lotion, (6) St. Ives Cucumber Water & Melon Body Lotion, and (7) St. Ives Nourish & Soothe Oatmeal & Shea Butter Body Lotion. Examples of the labels of the DEFENDANT'S Products containing the false and/or misleading representations on the front of the packaging and the list of ingredients on the back of the packaging are as follows:

---

[1]  https://www.ftc.gov/news-events/press-releases/2016/04/four-companies-agree-stop-falselypromoting-their-personal-care

**CLASS ACTION COMPLAINT**

1

**1) St. Ives Skin Reviewing Collagen Elastin Body Lotion:**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



### Ingredients

Aqua, Glycerin, Stearic Acid, Glycine Soja (Soybean) Oil, Glycol Stearate, Dimethicone, Glyceryl Stearate, Triethanolamine, Caprylyl Glycol, Cetyl Alcohol, Phenoxyethanol, Carbomer, Hydroxyethylcellulose, Parfum, Disodium EDTA, BHT, Stearamide AMP, Hydrolyzed Collagen, Hydrolyzed Elastin.

7

27

**CLASS ACTION COMPLAINT**

28

**2) St. Ives Soft & Silky Coconut & Orchid Body Lotion:**



## Ingredients

Water (Aqua), Glycerin, Stearic Acid, Glycine Soja (Soybean) Oil, Glycol Stearate, Dimethicone, Glyceryl Stearate, Triethanolamine, Fragrance (Parfum), Caprylyl Glycol, Phenoxyethanol, Cetyl Alcohol, Carbomer, Hydroxyethylcellulose, Disodium EDTA, BHT, Stearamide AMP, Cocos Nucifera (Coconut) Fruit Extract, Orchis Mascula Flower Extract.

**CLASS ACTION COMPLAINT**

1  **3) St. Ives Daily Hydrating Vitamin E & Avocado Body Lotion:**



## Ingredients

Aqua, Glycerin, Stearic Acid, Glycine Soja (Soybean) Oil, Glycol Stearate, Dimethicone, Glyceryl Stearate, Triethanolamine, Cetyl Alcohol, Caprylyl Glycol, Phenoxyethanol, Parfum, Carbomer, Hydroxyethylcellulose, Disodium EDTA, BHT, Stearamide AMP, Tocopheryl Acetate, Persea Gratissima (Avocado) Oil.

9

**CLASS ACTION COMPLAINT**

1

**4) St. Ives Intense Healing Cranberry & Grapeseed Body Lotion:**

2

3

4

5

6

7

8

9

10

11



## Ingredients

12

13

Water (Aqua), Glycerin, Stearic Acid, Glycine Soja

14

(Soybean) Oil, Glycol Stearate, Dimethicone, Glyceryl

15

Stearate, Triethanolamine, Caprylyl Glycol, Cetyl Alcohol,

16

Phenoxyethanol, Carbomer, Fragrance (Parfum),

17

Hydroxyethylcellulose, Disodium EDTA, BHT, Stearamide

18

AMP, Helianthus Annuus (Sunflower) Seed Oil, Vitis

19

Vinifera (Grape) Seed Oil, Vaccinium Macrocarpon

20

(Cranberry) Seed Oil, Olea Europaea (Olive) Leaf Extract.

21

22

23

24

25

26

27

**CLASS ACTION COMPLAINT**

28

1

**5) St. Ives Refresh & Reverse Pear Nectar & Soy Body Lotion:**

2

3

4

5

6

7

8

9

10

11

12

13



## Ingredients

14

15

16

17

18

19

20

Water (Aqua), Glycerin, Stearic Acid, Glycine Soja (Soybean) Oil, Glycol Stearate, Dimethicone, Glyceryl Stearate, Triethanolamine, Caprylyl Glycol, Cetyl Alcohol, Phenoxyethanol, Carbomer, Fragrance (Parfum), Hydroxyethylcellulose, Disodium EDTA, BHT, Stearamide AMP, Pyrus Communis (Pear) Fruit Extract.

21

22

23

24

25

26

27

**CLASS ACTION COMPLAINT**

28

1

**6) St. Ives Cucumber Water & Melon Body Lotion:**

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



Ingredients

Aqua, Glycerin, Stearic Acid, Glycine Soja (Soybean) Oil,
Glycol Stearate, Dimethicone, Glyceryl Stearate,
Triethanolamine, Caprylyl Glycol, Phenoxyethanol, Cetyl
Alcohol, Carbomer, Parfum, Hydroxyethylcellulose,
Disodium EDTA, BHT, Stearamide AMP, Tocopheryl
Acetate, Cucumis Sativus (Cucumber) Fruit Extract,
Cucumis Melo (Melon) Fruit Extract.

23
24
25
26

27

**CLASS ACTION COMPLAINT**

28

**7) St. Ives Nourish & Soothe Oatmeal & Shea Butter Body Lotion:**



## Ingredients

Water (Aqua), Glycerin, Stearic Acid, Glycine Soja (Soybean) Oil, Glycol Stearate, Dimethicone, Glyceryl Stearate, Triethanolamine, Cetyl Alcohol, Caprylyl Glycol, Phenoxyethanol, Fragrance (Parfum), Carbomer, Hydroxyethylcellulose, Propylene glycol, Disodium EDTA, BHT, Stearamide AMP, Butyrospermum Parkii (Shea) Butter, Avena Sativa (Oat) Meal Extract, Caramel, Yellow 6 (CI 15985), Yellow 5 (CI 19140), Red 33 (CI 17200).

**CLASS ACTION COMPLAINT**

16.     DEFENDANT prominently displays "natural" on the face of its Products. DEFENDANT enhances its "natural" related claims by additional statements such as: "We Love Delicious Nature", "Dermatologist tested", and "Instantly Boots skin's natural radiance".

17.     The phrase "natural" is a representation made by DEFENDANT in advertising the Products to consumers that reasonable consumers believe contain only natural ingredients.

18.     DEFENDANT knew that Plaintiffs and consumers will pay more for a product labeled "natural" and intended to deceive Plaintiffs and putative class members by labeling the Products as purportedly natural products.  The phrases "natural" or "100% Natural" or "Made with 100% Natural Moisturizers" are misleading to a reasonable consumer, because the Products actually contain artificial and synthetic ingredients – dimethicone and/or phenoxyethanol.

19.     DEFENDANT'S Products contain artificial or synthetic ingredients.  Each of the DEFENDANT'S Products each contains dimethicone and/or phenoxyethanol.

**PRIVATE ATTORNEYS GENERAL ALLEGATIONS**

20.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to *California Business & Professions Code § 17200, et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and consistent pattern and practice of falsely promoting DEFENDANT'S Products as natural, which requires the disgorgement of all profits and/or restoration of monies wrongfully obtained through DEFENDANT'S unfair and deceptive business practices.  This private attorneys general action is necessary and

14

**CLASS ACTION COMPLAINT**

appropriate because DEFENDANT have engaged in wrongful acts described herein as part of the regular practice of their businesses.

## CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action on her own behalf and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23.

22.　The following Classes that Plaintiffs seeks to represent are:

a.　All persons residing in the United States who purchased the Products for personal use and not for resale during the time period April 19, 2013, through the present ("Class").

b. All persons residing in the State of California who purchased the Products for personal use and not for resale during the time period April 19, 2013, through the present ("Sub-Class").

23.　The Class comprises many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court. The Class is sufficiently numerous because millions of units of the Products have been sold in the United States and State of California during the time period April 19, 2013, through the present (the "Class Period").

24.　There is a well-defined community of interest in this litigation and the class is easily ascertainable:

a.　<u>Numerosity</u>:  The members of the class are so numerous that any form of joinder of all members would be unfeasible and impractical.  On information and belief, Plaintiffs believes the Class and Sub-Class exceed thousands of members.

**CLASS ACTION COMPLAINT**

b. <u>Typicality</u>:  Plaintiffs is qualified to and will fairly and adequately protects the interests of each member of the class with whom they have a well-defined community of interest and the claims (or defenses, if any), are typical of all members of the class.

c. <u>Adequacy</u>:  Plaintiffs does not have a conflict with the class and is qualified to, and will fairly and adequately protect the interests of each member of the class with whom they have a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiffs acknowledges that they have an obligation to the Court to make known any relationship, conflict, or differences with any member.  Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

d. <u>Superiority</u>:  The nature of this action makes the use of class action adjudication superior to other methods.  Class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

25.     There exist common questions of law and fact that predominate over questions that may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a. Whether DEFENDANT' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b. Whether DEFENDANT' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

c. Whether DEFENDANT made false and misleading representations in their advertising and packaging of the Products;

**CLASS ACTION COMPLAINT**

d.  Whether DEFENDANT knew or should have known that the representations were false;

e.  Whether DEFENDANT represented that the Products has characteristics, benefits, uses, or quantities which the Product does not have;

f.  Whether DEFENDANT representations regarding the Products are false;

g.  Whether DEFENDANT warranted the Products;

h.  Whether DEFENDANT breached the express warranties it made;

i.  Whether DEFENDANT committed statutory and common law fraud by doing so; and

j.  Whether DEFENDANT' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

26.    Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs has retained competent and experienced counsel in class action and other complex litigation.

27.    Plaintiffs and the Class have suffered injury in fact and have lost money as a result of DEFENDANT' false representations, statements, and advertising. Indeed, Plaintiffs purchased the Product based on DEFENDANT'S representations and statements contained on its labeling. Plaintiffs relied on DEFENDANT' packaging and/or website and would not have purchased the Product if she had known that the Product did not have the characteristics, ingredients, uses, benefits, or quantities as represented.

28.    A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

**CLASS ACTION COMPLAINT**

29.     The trial and litigation of Plaintiffs' claims are manageable. Individual litigation of the legal and factual issues raised by DEFENDANT' conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

30.     DEFENDANT has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for DEFENDANT.

31.     Absent a class action, DEFENDANT will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and DEFENDANT will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

32.     Excluded from the class are DEFENDANT in this action, any entity in which DEFENDANT have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of DEFENDANT.

33.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy.

**CLASS ACTION COMPLAINT**

34.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

## FIRST CAUSE OF ACTION

Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq.
By Plaintiffs and Proposed California Class against DEFENDANT
(Injunctive Relief Only with Reservation)

35.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

36.     Plaintiffs and Class are "consumers" as defined by Cal. Civ. Code § 1761(d) and the Product is a "good" as defined by Cal.Civ.Code § 1761(a).

37.     The California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), expressly prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. And, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), expressly prohibits "[a]dvertising goods or services with intent not to sell them as advertised". DEFENDANT's claims that the Products are 'natural' by making the statements "natural" which are misleading since it contains artificial or synthetic ingredients - dimethicone and/or phenoxyethanol and therefore violates Cal. Civ. Code § 1770(a)(5), (7), and (9).

38.     DEFENDANT'S ongoing deliberate manipulation of violates the following subsections of Cal. Civ. Code §1770(a) in these respects:

## CLASS ACTION COMPLAINT

a.      DEFENDANT'S acts and practices constitute misrepresentations concerning characteristics, benefits or uses, which it does not have;

b.      DEFENDANT misrepresented that is of a particular standard, quality and/or grade, when they are of another;

c.      DEFENDANT'S acts and practices described herein constitute the advertisement of DEFENDANT'S Products without the intent to sell them as advertised;

d.      DEFENDANT's acts and practices constitute representations that DEFENDANT Products have been supplied in accordance with previous representations when it has not.

39.      Plaintiffs and the proposed Sub-Class of California class members suffered injuries caused by DEFENDANT because they would not have purchased DEFENDANT Products if the true facts were known concerning its false and misleading regarding its "natural" claims, statements and representations.

40.      On or about April 20, 2017, prior to filing this action, a notice letter was served on DEFENDANT.  Plaintiffs served the letter on DEFENDANT advising DEFENDANT that it is in violation of the CLRA, demanding remedies for Plaintiffs and class members pursuant to California Civil Code §1782(a).

41.      Plaintiffs seeks injunctive relief only for this violation of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA pursuant to California Civil Code §1780(a)(3).

## SECOND CAUSE OF ACTION
Violation Of California Business & Professions Code §§17500, et seq.
Plaintiffs and Proposed California Class against DEFENDANT

42.      Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

**CLASS ACTION COMPLAINT**

43. Pursuant to California Business & Professions Code §§ 17500, et seq., it is "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, ... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

44. DEFENDANT committed acts of false advertising, as defined by §17500, by making claims that the Products are "Made with 100% Natural Moisturizers" or otherwise "natural", which are misleading based on the fact it contains artificial or synthetic ingredients - dimethicone and/or phenoxyethanol.

45. DEFENDANT knew or should have known, through the exercise of reasonable care that DEFENDANT'S representations and statements that its Products are "natural" were/are false, untrue and misleading to Plaintiffs and class members.

46. DEFENDANT'S actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

47. Plaintiffs and the Proposed California Class lost money or property as a result of DEFENDANT'S false advertising violations, because Plaintiffs and Proposed California Class would not have purchased DEFENDANT' Products if the true facts were known concerning its quality and contents.

48. Plaintiffs and Proposed California Class paid a premium for DEFENDANT Products due to their reliance on DEFENDANT'S good faith and reputation and upon DEFENDANT'S promises and representations.

**THIRD CAUSE OF ACTION**
Breach of Express Warranty
By Plaintiffs and Proposed Nationwide Class against DEFENDANT

21

**CLASS ACTION COMPLAINT**

49.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

50.     Plaintiffs brings this claim individually and on behalf of the proposed Class against DEFENDANT.

51.     DEFENDANT, as the designer, manufacturer, marketer, distributor, and/or seller, made express statements or representations of fact or promise concerning the Products. These representations, promises were part of the basis of the bargain, wherein Plaintiffs and other Class members purchased the DEFENDANT'S Products in reasonable reliance on those statements or representations.

52.     DEFENDANT'S Products is not fit for such purposes because each of the express warranties that the Products are 'natural' by DEFENDANT claiming the Products are "Made with 100% Natural Moisturizers" are false statements, representations, and warranties.

53.     DEFENDANT'S breach of express warranty is the direct and proximate cause of Plaintiffs and Proposed Nationwide Class members that have been injured and harmed because they would not have purchased DEFENDANT Products on the same terms if the true facts were known concerning its 'natural' claims regarding the Products since it did not have the characteristics, ingredients, uses, benefits, or quantities as promised.  On or about April 20, 2017, prior to filing this action, a notice letter was served on DEFENDANT.

54.     As a proximate result of this breach of warranty by DEFENDANT, Plaintiffs and the Class have suffered damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
Violations of California Commercial Code § 2313

**CLASS ACTION COMPLAINT**

By Plaintiffs and Proposed California Class against DEFENDANT

55.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

56.    DEFENDANT made statements, representations, and affirmations of fact or promises, or descriptions of goods carrying health and wellness claims regarding the Products.  Plaintiffs and other Class members reasonably relied on DEFENDANT'S statements and representations regarding the Product at the time of purchasing the Products. California Commercial Code § 2313(1). On or about April 20, 2017, prior to filing this action, a notice letter was served on DEFENDANT.

57.    DEFENDANT breached its express warranties by selling products and goods that are not "natural" since the Products contain artificial or synthetic ingredients - dimethicone and/or phenoxyethanol.

58.    DEFENDANT'S breached was the actual and proximate cause of the injury to Plaintiffs and Class members in the form of money that was paid in exchange for the Products.

59.    Plaintiffs seeks damages on behalf of herself and other Class members as a result of DEFENDANT'S breaches of express warranty.

### FIFTH CAUSE OF ACTION
Fraud
Plaintiffs and Proposed Nationwide Class against DEFENDANT

60.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

61.    Plaintiffs bring this claim individually and on behalf of the proposed Class against DEFENDANT.

23

**CLASS ACTION COMPLAINT**

62.     As discussed above, DEFENDANT provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about DEFENDANT'S Products.

63.     DEFENDANT misrepresented the 'natural' claims related to the Products.

64.     These misrepresentations and omissions were made with knowledge of their falsehood.

65.     The misrepresentations and/or omissions made by DEFENDANT, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase DEFENDANT'S Products.

66.     The fraudulent actions of DEFENDANT caused damage to Plaintiffs and Class members, who are entitled to damages, punitive damages, and other legal and equitable relief as a result.

## SIXTH CAUSE OF ACTION
### Negligent Misrepresentation
### Plaintiffs and Proposed Nationwide Class against DEFENDANT

67.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

68.     Plaintiffs brings this claim individually and on behalf of the proposed Class against DEFENDANT.

69.     DEFENDANT misrepresented the nature of the Products. DEFENDANT had a duty to disclose this information.

70.     At the time DEFENDANT made these representations, DEFENDANT knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

**CLASS ACTION COMPLAINT**

71.     DEFENDANT negligently misrepresented and omitted material facts about the Products.  Plaintiffs and the Class relied upon the negligent statements or omissions.

72.     The negligent misrepresentations and/or omissions made by DEFENDANT, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase DEFENDANT'S Products.

73.     Plaintiffs and Class members would not have paid a premium or purchased DEFENDANT'S Products if the true facts had been known.

74.     The negligent actions of DEFENDANT caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

**SEVENTH CAUSE OF ACTION**
Violation California Business & Professions Code §§ 17200, et seq.
By Plaintiffs and Proposed California Class against DEFENDANT

75.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

76.     Plaintiffs bring this claim individually and on behalf of the proposed Sub-Class against DEFENDANT.

77.     DEFENDANT is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

78.     DEFENDANT has knowledge that its "natural" claims are false or misleading as a result the Products contain artificial or synthetic ingredients - dimethicone and/or phenoxyethanol.

79.     In addition, DEFENDANT violated the same Acts as a result of violating

**CLASS ACTION COMPLAINT**

False Advertising Law, California Business and Professions Code §§17500, et seq., The

Consumers Legal Remedy Act Cal. Civ. Code §§1750, et seq., California Commercial

Code §§2313 and 2314.

80.     DEFENDANT's misrepresentations and other conduct, described herein,

violated the "unlawful" prong of the UCL by violating the California Consumer's Legal

Remedy Act, California's False Advertising Act, and express and implied warranty law,

including, but not limited to the California Commercial Code in addition to other state

and federal laws.

81.     DEFENDANT's misrepresentations and other conduct, described herein,

violated the "unfair" prong of the UCL in that its conduct is substantially injurious to

consumers, offends public policy, and is immoral, unethical, oppressive, and

unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

DEFENDANT conduct constitutes an unfair violation because DEFENDANT conduct is

unethical, unscrupulous, and injurious to consumers given the false and misleading

labeling. The harm is substantial given significant given false claims and representation

which caused harm to the Plaintiffs and class members.

82.     DEFENDANT has specific knowledge that its 'natural' related claims are

false and misleading, but continued to market the DEFENDANT'S Products with the

intent of making substantial profits.

83.     DEFENDANT'S conduct is also unfair given the huge profits derived from

the sale of the DEFENDANT Products at the expense of consumers as a result of the

false and misleading advertising claims.

84.     DEFENDANT violated the "fraudulent" prong of the UCL by making false

statements, untruths, and misrepresentations about health and wellness claims relating to

**CLASS ACTION COMPLAINT**

its Products, as described herein this complaint, which are likely to deceive reasonable consumers and the public.

85.    Plaintiffs, the Class, and the Subclass lost money or property as a result of DEFENDANT's UCL violations because they would not have purchased DEFENDANT'S Products or paid the premium price, if the true facts were known concerning its false and misleading health and wellness claims.

86.    DEFENDANT'S business practices, as detailed above, are unethical, oppressive and unscrupulous, and they violate fundamental policies of this state.  Further, any justification for DEFENDANT'S wrongful conduct is outweighed by the adverse effects of such conduct.

87.    Plaintiffs, the Class, and Sub-Class members could not reasonably avoid the harm caused by DEFENDANT'S wrongful practices. Assuming, arguendo, that DEFENDANT'S practices are not express violations of the laws set forth above, those practices fall within the penumbra of such laws and a finding of unfairness can properly be-tethered to the public policies expressed therein. Thus, DEFENDANT engaged in unfair business practices prohibited by California Business & Professions Code § 17200 et seq.

88.    Plaintiffs, the Class, and the Sub-Class are entitled to restitution and injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against DEFENDANT, as follows:

a.  For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure

**CLASS ACTION COMPLAINT**

b.  Plaintiffs as the representative of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent members of the Class and Subclass;

c.  For an order declaring the DEFENDANT'S conduct violates the statutes and laws referenced herein;

d.  For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclass on all counts asserted herein;

e.  For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

f.  For prejudgment interest on all amounts awarded;

g.  For an order of restitution and all other forms of equitable monetary relief;

h.  For injunctive relief as pleaded or as the Court may deem proper; and

i.  For an order awarding Plaintiffs, the Class, and the Subclass their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury of all issues so triable.


Respectfully submitted,


Dated: April 20, 2017                    **NATHAN & ASSOCIATES, APC**


                                    By:    /s/ Reuben D. Nathan
                                           Reuben D. Nathan, Attorney for
                                           Plaintiffs, MICHELLE ROBINSON and
                                           JESSICA BERCOW

**CLASS ACTION COMPLAINT**

**CLRA VENUE DELCARATION PURSUANT TO CAL. CIV. CODE §1780(d)**

I, Michelle Robinson, declare as follows in accordance with California Civil Code Section 1780(d):

1. I am the plaintiff in this action and I am a citizen of the state of California.  I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.
2. The complaint filed in this action is filed in the proper place for trial pursuant to California Civil Code Section 1780(d) because the Defendant, Unilever United States, Inc. ("Defendant") conducts substantial business in this District.
3. I purchased Unilever United States, Inc.'s branded products "St. Ives" body lotion from Walgreens stores located in Los Angeles, California.  I relied on the Defendant's false and misleading advertising that the products are 'natural' before making my purchases, which meant to me that they contained no artificial or synthetic ingredients. The representations and warranties made by Unilever United States, Inc. was a substantial factor influencing my decision to purchase the St. Ives body lotion products.
4. If I were aware that the Defendant's products were not 'natural' or contained artificial and/or synthetic ingredients, I would not have purchased them.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct as executed on this April 10, 2017 in San Diego, California.

Michelle Robinson

DocuSign Envelope ID: 7E9FC166-C340-40BA-BA03-3908B50BF584

## CLRA VENUE DELCARATION PURSUANT TO CAL. CIV. CODE §1780(d)

I, Jessica Bercow, declare as follows in accordance with California Civil Code Section 1780(d):

1. I am the plaintiff in this action and I am a citizen of the state of California. I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.
2. The complaint filed in this action is filed in the proper place for trial pursuant to California Civil Code Section 1780(d) because the Defendant, Unilever United States, Inc. ("Defendant") conducts substantial business in this District.
3. I purchased Unilever United States, Inc.'s branded products "St. Ives" body lotion from CVS stores located in San Diego and Los Angeles, California. I relied on the Defendant's false and misleading advertising that the products are 'natural' before making my purchases, which meant to me that they contained no artificial or synthetic ingredients. The representations and warranties made by Unilever United States, Inc. was a substantial factor influencing my decision to purchase the St. Ives body lotion products.
4. If I were aware that the Defendant's products were not 'natural' or contained artificial and/or synthetic ingredients, I would not have purchased them.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct as executed on this April 19, 2017 in San Diego, California.

DocuSigned by:

_____
46581B5D89AA4D3...

Jessica Bercow