**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, CA 92101
Telephone; (619)272-7014
Facsimile:  (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BERCOW, individually and on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>UNILEVER UNITED STATES, INC.; and DOES 1 through 25, inclusive.<br><br><br>    Defendant. | Case No. 2:17-cv-03010-DMG-AJW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT UNILEVER UNITED STATES, INC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

# TABLE OF CONTENTS

PAGE(S)

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT ............................................................................................... 2

    A. Plaintiff Sufficiently States Claims Regarding the Current Labels ................................................................................................ 2

    B. Plaintiff's Allegations Satisfy Rule 9 ................................................ 5

    C. Defendant Violates Local Rule 7-18 by Rehashing Arguments the Court Previously Rejected ............................................ 7

        1. Plaintiff Sufficiently States Claims Regarding the Older Labels ................................................................................. 8

        2. Plaintiff States a Claim for Breach of Express Warranty ............................................................................... 10

        3. Plaintiff States A Claim For Unjust Enrichment ...................... 11

        4. Defendant's Arguments for Dismissal of Equitable Relief Under The CLRA, UCL and FAL Are Contrary to Rule 8(a)(3) and The Ninth Circuit's Decision In *Moyle* ...................................................................... 11

        5. *Kabbash* Makes Clear that Plaintiffs Have Standing to Seek Injunctive Relief .............................................................. 14

III. CONCLUSION ......................................................................................... 16

# TABLE OF AUTHORITIES

CASES

PAGE(S)

*Adkins v. Comcast Corp.*,
   2017 WL 3491973 (N.D. Cal. Aug. 1, 2017)...........................................................12

*Anderson v. The Hain Celestial Grp., Inc.*,
   87 F. Supp. 3d 1226 (N.D. Cal. 2015) ........................................................4

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2915).............................................................12, 13

*Bentley v. United of Omaha Life Ins. Co.*,
   2016 WL 7443189 (C.D. Cal. June 22, 2016)...........................................13

*Boswell v. Costco Wholesale Corp.*,
   2016 WL 3360701 (C.D. Cal. June 6, 2016)................................................4

*Brenner v. Procter & Gamble Co.*,
   2016 WL 8192946 (C.D. Cal. Oct. 20, 2016) ...........................................10

*Broomfield v. Craft Brew Alliance*,
   2017 WL 3838453 (N.D. Cal. Sept. 1, 2017).............................................13

*Cabrales v. Castle & Cooke Mortg., LLC*,
   2015 WL 3731552 (E.D. Cal. June 12, 2015)......................................12, 13

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996).......................................................................5

*Cody v. SoulCycle Inc.*,
   2016 WL 11129525 (C.D. Cal. Apr. 22, 2016).............................................8

*Davis v. HSBC Bank Nev., N.A.*,
   691 F.3d 1152 (9th Cir. 2012)...................................................................4

*Deitz v. Comcast Corp.*,
   2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ...........................................15

*Fagan v. Neutrogena Corp.*,
2014 WL 92255 (C.D. Cal. Jan. 8, 2014)........................................................9

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
8 F. Supp. 3d 467 (S.D.N.Y. 2014) (denying motion ...............................11

*Gregorio v. Clorox Company*,
2018 WL 732673 (N.D. Cal. Feb. 6, 2018)....................................................9

*Hairston v. S. Beach Bev. Co., Inc.*,
2012 WL 1893818 (C.D. Cal. May 18, 2012)..............................................10

*Henderson v. Gruma Corp.*,
2011 WL 1362188 (C.D. Cal. Apr. 11, 2011)..............................................15

*Hernandez v. Monsanto Company*,
2016 WL 6822311 (C.D. Cal. July 12, 2016) ................................................5

*In re Lenovo Adware Litig.*,
2016 WL 6277245 (N.D. Cal. Oct. 27, 2016)..............................................13

*Ingalls v. Spotify USA, Inc.*,
2017 WL 3021037 (N.D. Cal. July 17, 2017) ..............................................15

*Jou v. Kimberly-Clark Corp.*,
2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) .........................................9, 10

*Kabbash v. Jewelry Channel, Inc. USA*,
2015 WL 6690236 (C.D. Cal. Nov. 2, 2015)...................................12, 14, 15

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008)........................................................................6

*McKinniss v. Gen. Mills, Inc.*,
2007 WL 4762172 (C.D. Cal. Sept. 18, 2007)............................................11

*Moyle v. Liberty Mut. Retirement Ben. Plan*,
823 F.3d 948 (9th Cir. 2016)........................................................................12

*Shum v. Intel Corp.*,
 630 F. Supp. 2d 1063 (N.D. Cal. 2009) ................................................. 13

*State Compensation Ins. Fund v. Khan*,
 2013 WL 12132027 (C.D. Cal. July 30, 2013) ......................................... 8

*Verrecchia v. Aviss*,
 2017 WL 9486151 (C.D. Cal. Nov. 8, 2017) ............................................ 4

*Viggiano v. Hansen Natural Corp.*,
 944 F. Supp. 2d 877 (C.D. Cal. 2013) ................................................... 10

*Western Reserve Oil & Gas Co. v. New*,
 765 F.2d 1428 (9th Cir. 1985) ............................................................. 6

*Williams v. Gerber Prods. Co.*,
 552 F.3d (9th Cir. 2008) ............................................................... 4, 9

*Workman v. Plum, Inc.*,
 141 F. Supp. 3d 1032 (N.D. Cal. 2015) ................................................ 10

**RULES**

Fed. R. Civ. Proc. 8(a)(2) .................................................................. 4

L.R. 7-18 ....................................................................................... 7

## I.  INTRODUCTION

Defendant's motion to dismiss Plaintiff's Second Amended Complaint ("MTD SAC") sets forth hardly any new arguments, all of which are either devoid of relevant authority or contrary to Local Civil Rule 7-18.  First, Defendant argues that Plaintiff's claims based on the current labels should be dismissed because Plaintiff's allegations are "unsupported conclusions" and "irrelevant."  MTD SAC at 6-7.  However, Defendant's disagreement with Plaintiff's allegations demonstrates that this is an issue of fact inappropriate for resolution on the pleadings.  Moreover, "[f]ederal pleading standards require only a 'short and plain statement of the claim showing the pleader is entitled to relief,'" which Plaintiff has more than done.  *Verrecchia v. Aviss*, 2017 WL 9486151, at *9 (C.D. Cal. Nov. 8, 2017) (quoting Fed. R. Civ. P. 8(a)(2)).

Defendant further argues that Plaintiff's fraud allegations do not comply with Rule 9(b) because Plaintiff "did not provide all the information the Court found lacking," in its ruling on the last motion to dismiss.  MTD SAC at 10:24-25.  That is wrong.  Plaintiff identifies which specific product labels she saw and relied upon and when and where she purchased the products in question.  *See, e.g.*, SAC ¶¶ 11-13 (detailing purchase information).

Finally, Defendant recycles its arguments, nearly verbatim, for dismissal of Plaintiff's claims regarding the older labels as well as Plaintiff's claims for breach of express warranty; unjust enrichment; equitable relief under the CLRA, FAL, and UCL; and injunctive relief.  As an initial matter, Defendant's arguments violate Local Civil Rule 7-18 by repeating failed arguments in successive motions to dismiss.  The same arguments that Defendant copy-and-pasted from its prior motion to dismiss were already rejected by this Court in its June 25, 2018 Order.  Defendant offers no reason to for this Court to reconsider its prior ruling with respect to these claims.  The Court should deny Defendant's motion in its entirety.

## II.    ARGUMENT

### A.    Plaintiff Sufficiently States Claims Regarding the Current Labels

In Paragraphs 27 – 30 of the Second Amended Complaint, Plaintiffs added the following allegations explaining why the current labeling on the challenged products has a capacity or tendency to deceive targeted consumers:

> 27.    The later-used labeling phrases "Made with 100% Natural Moisturizers," "Made with 100% Natural Exfoliant," or "Made with 100% Natural Extracts" also are representations to a reasonable consumer that St. Ives® Body Lotion and St. Ives® Body Wash contain only natural ingredients.   The labeling change adding the words "Made With" was not intended to clarify that only some of the ingredients in the Products are natural and some or not, because "100% natural" is and has always been key to the St. Ives brand.  Instead, the labeling change was intended to be a *stronger* claim that would better drive purchases among targeted consumers interested in all natural products.

> 28.    Package design plays a crucial role in consumer purchase decisions.  Consumers take on average seven seconds to decide whether to buy a product.  Effective product packaging therefore must quickly make an emotional and psychological impression on the consumer in the very small window of time that the consumer makes his or her purchase decision.  Consumer impressions of whether a product is "all natural" are commonly based on so-called "cues" of naturalness.  One common technique marketers use to signal that a product is "all natural" is to emphasize the *absence* of certain chemical ingredients such as phthalates or parabens.  Conversely, another common technique is to emphasize the *presence* of natural ingredients without disclosing on the front label that the product is mostly synthetic.  Such cues are commonly reinforced with leafy imagery, images of fruits or vegetables, and/or green text.

> 29.    Defendant is aware of these widely-known marketing principles and knows that labeling phrases like "Made with 100% Natural Moisturizers," "Made with 100%

> Natural Exfoliant," or "Made with 100% Natural Extracts" are psychological cues that the entire product is a "natural" product. Defendant reinforces those cues with labeling images of mountains and leaves, and prominent references to natural ingredients like oatmeal and orchids.  Although *some* consumers *might* construe a phrase like "Made with 100% Natural Moisturizers" to refer only to select ingredients in the products, a substantial number of reasonable consumers construe that phrase to mean the entire product is natural, particularly when viewed in the context of other cues of "naturalness" on the front labeling.  That is why Defendant made the labeling change.  As a result, the new "made with" labeling at issue here has the tendency or capacity to deceive or confuse a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances.

SAC, ¶¶ 27-29 (Doc. No. 31).

In its motion to dismiss, Defendant does not cite a <u>single case</u> supporting its contention that the above allegations are insufficient to support Plaintiff's claims.  Instead, Defendant (1) contends the allegations are "irrelevant" because "the Court found that the current labels are accurate and not misleading," and (2) disagrees with Plaintiff's factual allegations.  MTD SAC at 6:28-7:1.  There are three reasons those contentions do not support dismissal.

<u>First</u>, Defendant takes the position that the Court already ruled as a matter of law that consumers cannot be misled by the current labeling when it ruled on Defendant's prior motion to dismiss.  But if that were true, the Court would have dismissed Plaintiff's claims with prejudice instead of with leave to amend.  Thus, Plaintiff's allegations in her SAC are not "irrelevant"—they show that Defendant's current labeling has the tendency to mislead reasonable consumers.

<u>Second</u>, Defendant purports to disagree with the allegations and contends they are conclusory and unsupported by citation.  Defendants cite no authority for the novel proposition that, like a law review article or scientific journal, facts in complaints must be supported with citations and detailed factual elaboration.  As this

Court has held, "[f]ederal pleading standards require only a 'short and plain statement of the claim showing the pleader is entitled to relief.'"  *Verrecchia*, 2017 WL 9486151, at *9 (quoting Fed. R. Civ. P. 8(a)(2)).

The crux of Defendant's position is that it simply disagrees with the allegations.  But Defendant's disagreement with Plaintiff's factual allegations does nothing more than raise a factual dispute inappropriate for resolution on the pleadings.  *See Boswell v. Costco Wholesale Corp.*, 2016 WL 3360701, at *6-7 (C.D. Cal. June 6, 2016) ("Indeed, the Ninth Circuit has made clear that granting a motion to dismiss on this ground is a 'rare situation,' providing the example that dismissal would be proper if the advertisement itself made it *impossible* for the plaintiff to prove that a reasonable consumer was likely to be deceived.") (emphasis in original) (internal citation and quotation omitted); *Williams v. Gerber Prods. Co.*, 552 F.3d at 938 (9th Cir. 2008) (stating that California courts "have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer"); *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (same).  Thus, the appropriate inquiry for the Court to make is <u>not</u> whether it finds that reasonable consumers were misled in a material way, but rather whether this case is one of the very rare instances where it can find as a matter of law that *no question of fact exists* regarding the issue.  *See Anderson v. The Hain Celestial Grp., Inc.*, 87 F. Supp. 3d 1226, 1237 (N.D. Cal. 2015) ("This is not one of those rare cases where the issue of deception can be adjudicated based solely on the pleadings.").

<u>Third</u>, although Defendant takes issue with certain of Plaintiff's allegations, it <u>does not dispute</u> the allegation in Paragraph 27 that "'100% natural' is and always has been key to the St. Ives brand."  SAC ¶ 27.  And since "[t]he Court must accept all factual allegations pleaded in the complaint as true . . . and draw all reasonable

inferences from them in favor of the nonmoving party,"[1] that allegation supports the inference that "the labeling change was intended to be a <u>stronger</u> claim that would better drive purchases among targeted consumers interested in all natural products." SAC ¶ 27.  Put another way, it is reasonable to infer that Defendant would not do anything to undercut its position in the "100% natural" market when that feature has always been key to its brand.  That fact, coupled with the explanation about how reasonable consumers in the natural market react to "cues" of naturalness, supports the allegation that the new "made with" labeling has the "tendency or capacity to deceive or confuse a significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances."  SAC ¶ 29.  At a bare minimum, the issue presents a factual dispute not susceptible to resolution on the pleadings.

### B.     Plaintiff's Allegations Satisfy Rule 9

As Defendant points out, the Court held in its June 25, 2018 MTD Order that Plaintiff's "FAC [did] not identify which specific product labels Plaintiff saw and relied upon or precisely when and where she purchased the product(s) in question." *Id.* at 11.  In her Second Amended Complaint, Plaintiff alleges the following purchase details:

> Between 2014-2017, Ms. Bercow purchased the following St. Ives products:
>
> a.     St. Ives Body Lotions:  Collagen Elastin; Vitamin E; and Oatmeal & Shea Butter;
> b.     St. Ives Body Washes:  Oatmeal & Shea Butter; and Coconut & Orchid.

---

[1] *See Hernandez v. Monsanto Company*, 2016 WL 6822311, at *2 (C.D. Cal. July 12, 2016) (Gee, J.) (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996)).

Between 2014-2017, Ms. Bercow purchased the aforementioned St. Ives products from the following CVS stores in and near Los Angeles and San Diego, California:

    a)    19353 Victory Blvd., Reseda, CA, 91355
    b)    19701 Vanowen St., Winnetka, CA, 91306
    c)    8915 Towne Centre Drive, San Diego, CA, 92122
    d)    8831 Villa La Jolla Dr., La Jolla, CA, 92037

Each time Ms. Bercow bought the St. Ives Body Lotion and Body Wash products identified above, and at each CVS store listed above, Ms. Bercow saw and read the front of the product packaging, and relied on the representations and warranties that the products were natural products (i.e., "100% Natural Moisturizers" "100% Natural Exfoliant" "100% Natural Extracts," "Made with 100% Natural Moisturizers," "Made with 100% Natural Exfoliant," and "Made with 100% Natural Extracts").

*See* SAC ¶¶ 11-13.

Unsatisfied with this, Defendant argues "Plaintiff's allegations about when she purchased the products are no better than in the FAC" because, according to Defendant, Plaintiff fails "to specify the *year* in which she allegedly bought the products." MTD at 11:1-7. That argument fails for two reasons.

First, Defendant's selective reading of Plaintiff's allegations once again ignores that "[o]n a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."). Thus, the clear implication from Plaintiff's SAC, including the specific label claims she saw and relied upon, is that Plaintiff purchased Defendant's products <u>regularly</u> throughout 2014 to 2017. Indeed, Plaintiff's purchases of the above-referenced products from the above-referenced locations occurred in <u>2014,</u>

2015, 2016, and 2017.  Plaintiff's allegations satisfy Rule 9(b).

Second, the new allegations in the SAC concerning the time and location of purchases are far more detailed than allegations other courts held were sufficient for purposes of rule 9(b).  *See, e.g.*, *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1099-1100 (C.D. Cal. 2012) (plaintiffs not required to allege the precise store or time of each purchase); *Escobar v. Just Born Inc.*, 2017 WL 5125740, at *13 (C.D. Cal. June 12, 2017) ("Although Plaintiff does not specify the particular address or date on which she purchased the Products, district courts in this Circuit have held that allegations that a misleading statement was made throughout the class period satisfy the Rule 9(b) particularity standard").

### C. Defendant Violates Local Rule 7-18 by Rehashing Arguments the Court Previously Rejected

The majority of Defendant's motion repeats, largely verbatim, arguments it made in its last motion to dismiss, and which the Court rejected.  *Compare generally* Memorandum in Support of Motion to Dismiss First Amended Complaint (Doc. No. 15) *with* Memorandum in Support of Motion to Dismiss Second Amended Complaint (Doc. No. 34).  Defendant therefore is seeking reconsideration of most of the Court's June 25, 2018 Order, and its renewed arguments are governed by Civil Local Rule 7-18.  That rule provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Civ. L.R. 7-18.  Defendant does not (because it cannot) contend that any of the factors that would permit reconsideration of the Court's prior order apply here. Indeed, Defendant does not even acknowledge that it largely cut-and-pasted arguments it made before.

It is improper for Defendant to attempt to circumvent Local Rule 7-18 by repeating failed arguments in successive motions to dismiss.  *See Cody v. SoulCycle Inc.*, 2016 WL 11129525, at *2 (C.D. Cal. Apr. 22, 2016) ("we strongly disfavor SoulCycle's apparent attempt to circumvent the rules for a motion for reconsideration. To the extent that SoulCycle repeats its arguments from its Motion to Dismiss the FAC, we reject them for the reasons explained in our FAC Order"); *State Compensation Ins. Fund v. Khan*, 2013 WL 12132027, at *6 (C.D. Cal. July 30, 2013) ("Defendants made identical arguments in their motions to dismiss the FAC.  They are therefore essentially requesting reconsideration of the Court's December 28, 2012 Order.  The standard for obtaining reconsideration of a previously entered order is rigorous.").  For that reason alone, the Court can and should reject Defendant's arguments concerning (1) the claims based on the older labeling; (2) the express warranty claims; (3) the unjust enrichment claim; (4) equitable relief under the CLRA, UCL and FAL; and (5) injunctive relief.

However, in an abundance of caution, Plaintiff responds to the arguments below, and respectfully submits that the Court should reject Defendant's arguments for the same reason it rejected them before.

### 1.  Plaintiff Sufficiently States Claims Regarding the Older Labels

Defendant argues that "Plaintiff's claims based on the older labels should also be dismissed" because Plaintiff "had every opportunity to clarify her understanding about the natural ingredients referenced on the front label" by reviewing the back panel of the products.  MTD SAC at 8:28-9:5.

However, the rule in the Ninth Circuit is that "a defendant cannot rely on disclosures on the back or side panels of the packaging to contend that any misrepresentation on the front of the packaging is excused." *Jou v. Kimberly-Clark Corp.*, 2013 WL 6491158, at *6 (N.D. Cal. Dec. 10, 2013) (citing *Williams*, 552 F.3d at 939-40); *Fagan v. Neutrogena Corp.*, 2014 WL 92255, at *2 (C.D. Cal. Jan. 8, 2014) ("Defendant's alternative argument that any ambiguity is … dispelled by the explicit list of ingredients elsewhere on the product is foreclosed by [*Williams*]"); *Gregorio v. Clorox Company*, 2018 WL 732673 (N.D. Cal. Feb. 6, 2018) ("The plausibly deceptive nature of [defendant's] labeling remains despite, as defendant argues, the ingredient lists on the back of the label . . . Though the ingredient list . . . certainly serves some purpose, it does not exist so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception." (internal quotations omitted)).

Defendant again seeks to evade this rule by arguing that "[c]ourts have considered the back panel of a product when the two labels are consistent" and "[w]hen reviewed in connection with the back panel, it is clear that Unilever is only making a claim about the ingredients referenced . . . and not the product as a whole." MTD SAC at 8:13-26. But that argument fails because Defendant does not contend, nor could it, that the challenged ingredients phenoxyethanol, dimethicone and methylisothiazolinone (which are only disclosed in the ingredients list) are "natural." Therefore, this is not a case where the Court can conclude, as a matter of law, that the front and back labels are consistent. Defendant's argument again turns on a factual dispute about how consumers construe the front labeling. *See, e.g.*, *Gregorio*, 2018 WL 732673, at *5 ("Reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging, not, as is the case here, contradict the packaging's

other representations.  A jury may ultimately find otherwise, but the court cannot make that determination at this stage.") (internal citations and quotations omitted).

The decisions cited by Defendant make no difference.  In *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 894 (C.D. Cal. 2013), the court dismissed "natural" claims because the challenged representation was that a soda contained "all natural flavors," but the plaintiff "[did] not identify any artificial flavor in the drink." The decision in *Hairston v. S. Beach Bev. Co., Inc.*, 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012) is distinguishable for similar reasons.  *See Jou*, 2013 WL 6491158 at *9 (distinguishing *Hairston* because unlike in *Jou*, "the phrase 'all natural with vitamins' was consistent with the ingredient label that listed only natural ingredients and vitamins.").  Here, in contrast, the SAC identifies the ingredients at issue.  SAC ¶ 5.  Finally, *Workman v. Plum, Inc.*, 141 F. Supp. 3d 1032, 1036-37 (N.D. Cal. 2015), is inapposite because the claims were not based on natural labeling or affirmative misrepresentations on the front packaging.  Thus, Defendant's authority is of little import to the instant case.

### 2.  Plaintiff States a Claim for Breach of Express Warranty

Defendant repeats its argument for dismissal of Plaintiff's breach of express warranty claim almost verbatim, offering no more analysis this go-around despite the Court's holding in its June 8, 2018 MTD Order that "Defendant has not addressed whether labels that satisfy the reasonable consumer standard . . . can also thereby make 'affirmations of fact' for the purpose of a breach of express warranty claim." *Id.* at 12.  Once again, Defendant's arguments for dismissal of Plaintiff's express warranty claim rehash its arguments for dismissal under Rule 8 and the reasonable consumer standard, namely that the product's labeling does not promise that the entire product is natural.  *See* MTD SAC at 9.  For purposes of an express warranty claim, a "description of goods" qualifies as a warranty, and the term "natural" is a description of goods.  *Brenner v. Procter & Gamble Co.*, 2016 WL 8192946, at *7

(C.D. Cal. Oct. 20, 2016).  Thus, many courts have denied motions to dismiss express warranty claims in natural labeling cases.  *See, e.g.*, *id.* at *8 ("Plaintiff has plausibly alleged that the 'Natural Clean' label is false and has otherwise adequately plead the elements of an express warranty claim"); *Aguiar v. Merisant*, 2014 WL 6492220, at *9 (C.D. Cal. Mar. 24, 2014) ("natural" representation on food sweetener was express warranty); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 477 (S.D.N.Y. 2014) (denying motion to dismiss express warranty claim in action challenging "Active Naturals" labeling).

Defendant again relies *McKinniss v. Gen. Mills, Inc.*, 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007).  However, the court in *McKinnis* found that the representation that sugary cereals such as Trix and Berry Berry Kix contained "natural fruit flavors" was not a warranty that there was real fruit in the cereal.  Accordingly, *McKinniss* bears no resemblance to this case.[2]

### 3.  Plaintiff States A Claim For Unjust Enrichment

Defendant argues that Plaintiff's unjust enrichment claim should be dismissed because it "duplicates her fraud claim" and "because both the newer and older label claims are true, accurate, and do not misrepresent the products."  MTD SAC at 11:19-23.  However, this Court already held that "Plaintiff may request equitable relief as an alternative to legal remedies."  MTD Order at 9.  Thus, at minimum, Plaintiff's claims based on the older label claims may proceed.

### 4.  Defendant's Arguments for Dismissal of Equitable Relief Under The CLRA, UCL and FAL Are Contrary to Rule 8(a)(3) and The Ninth Circuit's Decision In *Moyle*

Defendant again argues that Plaintiff's requests for injunctive relief and restitution under the CLRA, UCL and FAL should be dismissed "if the plaintiff fails

---

[2] Defendant also argues that "[b]ecause Plaintiff fails to allege that the products did not meet any express warranty created by the current or older label claims, her warranty claim should be dismissed."  MTD SAC at 10:6-8.  This defies a plain reading of Plaintiff's SAC, which alleges that the products do not conform to the express warranty created by Defendant.  *See, e.g.*, SAC ¶¶ 62-68.

to allege facts showing legal remedies are inadequate." MTD SAC at 12:9-12. But that argument is contrary to Rule 8(a)(3) and this Court's June 25, 2018 MTD Order, which held that "a demand for relief . . . may include relief *in the alternative or different types* of relief. Thus, the Plaintiff may request equitable relief as an alternative to legal remedies." MTD Order at 9 (emphasis in original).

Moreover, in *Moyle v. Liberty Mut. Retirement Ben. Plan*, 823 F.3d 948, 962 (9th Cir. 2016), the Ninth Circuit emphasized that allowing plaintiffs to alternatively seek legal and equitable relief under ERISA, including restitution, "adheres to the Federal Rules of Civil Procedure, which requires that [a] pleading . . . <u>may include relief in the alternative . . . .</u>'" (Quoting Rule 8(a)(3)) (emphasis in original).[3] The outcome in *Moyle* was consistent with the Ninth Circuit's decision a year earlier in *Astiana* holding that Rule 8(d)(3) permits plaintiffs to pursue unjust enrichment claims—which are equitable in nature—in tandem with legal claims. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 764 (9th Cir. 2915); *accord Kabbash v. Jewelry Channel, Inc. USA*, 2015 WL 6690236, at *6 (C.D. Cal. Nov. 2, 2015) (Gee, J.).

The reasoning in *Moyle* and *Astiana* applies equally with respect to the equitable relief sought under the UCL, FAL and CLRA. In *Cabrales v. Castle & Cooke Mortg., LLC*, 2015 WL 3731552, at *3 (E.D. Cal. June 12, 2015), for example, the court rejected the argument that "the presence of legal claims in the [complaint] dooms Plaintiff's UCL claims," explaining that there is no question that Plaintiff can pursue that claim as an alternative to legal remedies . . . ." *Cabrales*, 2015 3731552 at *4. And as the district court in *Adkins v. Comcast Corp.*, 2017 WL 3491973, at *3 (N.D. Cal. Aug. 1, 2017), concluded when presented with the same arguments Defendant makes here, "this Court is aware of no basis in California or

---

[3] Although *Moyle* also determined that ERISA did not prohibit a plaintiff from simultaneously seeking equitable and legal relief in his or her complaint, that is a distinction without a difference because neither does the CLRA, UCL or FAL.

federal law for prohibiting the plaintiffs from pursuing their equitable claims in the alternative to legal remedies at the pleading stage." *See also In re Lenovo Adware Litig.*, 2016 WL 6277245, at *11 (N.D. Cal. Oct. 27, 2016) (UCL claim survived dismissal despite the existence of an adequate remedy at law because plaintiffs "are permitted to plead remedies in the alternative").

Although Defendant cites a few contrary authorities, it does not appear that the plaintiffs in those cases raised an issue about whether the defendants' argument could be reconciled with Rule 8(a)(3) and controlling Ninth Circuit decisions.  For example, in this Court's decision in *Bentley v. United of Omaha Life Ins. Co.*, 2016 WL 7443189, at *6 (C.D. Cal. June 22, 2016), the Court noted that the "Plaintiff [did] not address [defendant's] arguments" on the issue.

Defendant also is asking the Court to take inconsistent positions with respect to unjust enrichment on the one hand, and claims under the CLRA, FAL and UCL on the other hand.  "There is little doubt that unjust enrichment is an equitable claim." *Shum v. Intel Corp.*, 630 F. Supp. 2d 1063, 1078 (N.D. Cal. 2009).  *Astiana* and *Kabbash* establish that an unjust enrichment claim may proceed in tandem with legal claims, and thus it necessarily follows that the presence of an adequate remedy at law does not bar such claims.  *See also e.g.*, *Broomfield v. Craft Brew Alliance*, 2017 WL 3838453, at *13 (N.D. Cal. Sept. 1, 2017) (citing Rule 8(d)(2) and rejecting argument that unjust enrichment claim failed due to adequate remedy at law); *Cabrales*, 2015 WL 3731552, at *3 ("although unjust enrichment applies only in the absence of an adequate remedy at law, a litigant is entitled to assert inconsistent theories of recovery at the pleadings stage.").  There is no logical reason to conclude that Rule 8(a)(3) only permits a plaintiff to seek equitable relief in the alternative when alleging an unjust enrichment claim, but not when alleging claims under the CLRA, FAL and UCL.

### 5. *Kabbash* Makes Clear that Plaintiffs Have Standing to Seek Injunctive Relief

Defendant argues that "[e]ven if Plaintiff is allowed to proceed with her equitable claims, her request for injunctive relief should be denied" because "Plaintiff faces no threat of future harm whatsoever."  MTD SAC at 13:21-22.  As an initial matter, Defendant's argument plainly ignores Plaintiff's allegations that Defendant's newer labels are just as misleading as its old labels:

> The later-used labeling phrases "Made with 100% Natural Moisturizers," "Made with 100% Natural Exfoliant," or "Made with 100% Natural Extracts" also are representations to a reasonable consumer that St. Ives® Body Lotion and St. Ives® Body Wash contain only natural ingredients.  The labeling change adding the words "Made With" was not intended to clarify that only some of the ingredients in the Products are natural and some or not, because "100% natural" is and has always been key to the St. Ives brand.  Instead, the labeling change was intended to be a *stronger* claim that would better drive purchases among targeted consumers interested in all natural products.  …
> Consumer impressions of whether a product is "all natural" are commonly based on so-called "cues" of naturalness.  One common technique marketers use to signal that a product is "all natural" is to emphasize the *absence* of certain chemical ingredients such as phthalates or parabens.  Conversely, another common technique is to emphasize the *presence* of natural ingredients without disclosing on the front label that the product is mostly synthetic.  Such cues are commonly reinforced with leafy imagery, images of fruits or vegetables, and/or green text.

*See* SAC ¶¶ 27-28.

Regardless, this Court has rejected Defendant's argument multiple times, including in its June 25, 2018 MTD Order.  *See id.* at 8 ("Plaintiff alleges that she would like to purchase Defendant's products in the future.  Thus, Plaintiff has standing to seek injunctive relief.").  Indeed, this Court rejected the same argument in *Kabbash*, 2015 WL 6690236, at *6, explaining:

> While it is implausible to believe that Plaintiffs will continue to purchase products from Defendant so long as it continues the

challenged conduct, to construe that as a lack of redressability here would render California consumer protection laws ineffectual. The California Supreme Court has held that the purpose of these laws is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. Due to the fact that the alleged false advertising plausibly poses an immediate threat to consumers who comprise the putative class, Plaintiffs may pursue injunctive relief on their behalf.

Many other courts have applied the same reasoning to reach the same conclusion. *See*, *e.g.*, *Henderson v. Gruma Corp.*, 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011) ("If the Court were to construe Article III standing . . . as narrowly as the Defendant advocates, federal courts would be precluded from enjoining false advertising under California consumer protection laws"); *Ingalls v. Spotify USA, Inc.*, 2017 WL 3021037, at *6 (N.D. Cal. July 17, 2017) (collecting numerous authorities that are consistent with *Kabbash* and *Henderson*). Defendant offers the Court no basis to depart from its decision in *Kabbash*.

Moreover, Defendant overlooks that dismissal of a demand for injunctive relief accomplishes nothing other than fostering costly, two-front litigation. Courts that have dismissed prayers for injunctive relief based on Article III standing have explained that the plaintiff can separately pursue a parallel claim for injunctive relief in state court, where Article III standing requirements do not apply. *See*, *e.g.*, *Deitz v. Comcast Corp.*, 2006 WL 3782902, at *4 (N.D. Cal. Dec. 21, 2006) (dismissal of a demand for injunctive relief "raises the interesting prospect that plaintiff may still be permitted to assert a claim for injunctive relief in state court against defendants, notwithstanding that this case may go to judgment."). Hence, Defendants have little to gain from a dismissal of a prayer for injunctive relief, because all they will have to show for it are two lawsuits instead of one. Cost and efficiency concerns therefore further support the approach adopted by this Court in *Kabbash*.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss.  Alternatively, if the Court determines the pleadings are deficient in any respect, it should grant leave to amend.

Dated: September 10, 2018          Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:_____*/s/ Joel D. Smith*_____
          Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ltfisher@bursor.com
          jsmith@bursor.com
          ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone: (619)272-7014
Facsimile:  (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*