**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
              jsmith@bursor.com
              ykrivoshey@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (State Bar No. 208436)
2901 W. Coast Hwy., Ste. 200
Newport Beach, CA 92663
Telephone: (949) 270-2798
E-Mail: rnathan@nathanlawpractice.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA BERCOW, individually and on behalf of herself and all others similarly situated, | Case No. 2:17-cv-03010-DMG-AJW |
| Plaintiff, | **OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT** |
| v. | Date:          June 21, 2019 |
| UNILEVER UNITED STATES, INC.; and DOES 1 through 25, inclusive. | Time:          9:30 a.m. |
| Defendant. | Courtroom:   8C |

# TABLE OF CONTENTS

**PAGE(S)**

I.     INTRODUCTION ................................................................................ 1

II.    ARGUMENT ..................................................................................... 2

    A.    Plaintiff Sufficiently States Claims Challenging The
         Current Labeling ............................................................... 2

         1.    Defendant Does Not Challenge The Sufficiency Of
               Key Allegations In The Third Amended Complaint ................... 2

         2.    The Question Of Whether The Current Labeling Has
               The Capacity To Mislead Or Confuse Targeted
               Consumers Is A Question Of Fact .............................................. 4

         3.    Defendant's Procedural Challenge To The
               Allegations About The Current Labeling Lacks
               Merit ........................................................................................... 7

    B.    Defendant's New Argument Concerning The Old Labeling
         Does Not Support Dismissal ................................................ 8

         1.    Defendant's New Argument Violates Rule 12(g)(2).................... 8

         2.    Defendant's New Argument About The Old
               Labeling Lacks Legal Support And Turns On A
               Factual Dispute ......................................................................... 10

III.   CONCLUSION ................................................................................ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
 824 F. Supp. 2d 1164 (C.D. Cal. 2011) ................................................. 9

*Balser v. Hain Celestial Grp., Inc.*,
 640 F. App'x 694 (9th Cir. 2016) ...................................................... 4

*Boswell v. Costco Wholesale Corp.*,
 2016 WL 3360701 (C.D. Cal. June 6, 2016) ................................... 10, 11

*Brazil v. Dole Packaged Foods, LLC*,
 660 F. App'x 531 (9th Cir. 2016) ...................................................... 4

*Cesta v. Trader Joe's Co.*,
 2018 WL 6075352 (C.D. Cal. Aug. 28, 2018) .................................... 6

*Fagan v. Neutrogena Corp.*,
 2014 WL 92255 (C.D. Cal. Jan. 8, 2014) .........................................6, 7

*Federal Trade Comm. v. Wellness Support Network, Inc.*,
 2011 WL 4026867 (N.D. Cal. Sept. 12, 2011) ................................... 9

*Friends of Earth v. Sanderson Farms, Inc.*,
 2018 WL 7197394 (N.D. Cal. Dec. 3, 2018) ...................................... 5

*Guido v. L'Oreal, USA, Inc.*,
 2013 WL 3353857 (C.D. Cal. July 1, 2013) ...................................... 6

*Gutierrez v. Wells Fargo & Co.*,
 2009 WL 1246689 (N.D. Cal. May 5, 2009) .................................... 10

*In re Apple iPhone Antitrust Litigation*,
 846 F.3d 313 (9th Cir. 2017) ........................................................8, 9

*In re NJOY, Inc. Consumer Class Action Litig.*,
 120 F. Supp. 3d 1050 (C.D. Cal. 2015) ............................................ 6

*In re Packaged Seafood Prod. Antitrust Litig.*,
 277 F. Supp. 3d 1167 (S.D. Cal. 2017) ............................................ 9

*Jou v. Kimberly-Clark Corp.*,
 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ..................................3, 7

*Kabbash v. Jewelry Channel, Inc. USA*,
 2015 WL 6690236 n.4 (C.D. Cal. Nov. 2, 2015) .............................. 10

*Kamboh v. Bac Home Loans Servicing LP*,
  2010 WL 11595708 (C.D. Cal. Oct. 7, 2010) ......................................................11

*Langan v. Johnson & Johnson Consumer Companies, Inc.*,
  95 F. Supp. 3d 284 (D. Conn. 2015) ......................................................................7

*Lavie v. Proctor & Gamble Co.*,
  105 Cal. App. 4th 496 (Cal. App. 2003) ...............................................................5

*Lucas R. v. Azar*,
  2018 WL 7200716 (C.D. Cal. Dec. 27, 2018) ...............................................4, 10

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ..........................................................................2, 3, 8

*Oshana v. Coca-Cola Co.*,
  2005 WL 1661999 (N.D. Ill. July 13, 2005) .........................................................6

*Pierce-Nunes v. Toshiba Am. Information Sys., Inc.*,
  2015 WL 12655594 (C.D. Cal. Jan. 8, 2015) .......................................................11

*Pulaski & Middleman, LLC v. Google, Inc.*,
  802 F.3d 979 (9th Cir. 2015) ................................................................................10

*Robinson v. Unilever U.S., Inc.*,
  2018 WL 6136139 (C.D. Cal. June 25, 2018) ........................................................5

*Roger Kalaouz & Assoc. s.a.r.l. v. Broadus*,
  2013 WL 12125760 (C.D. Cal. May 17, 2013) ......................................................8

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ................................................................................11

*U.S. v. Webb*,
  655 F.2d 977 (9th Cir. 1981) ..................................................................................8

*Williams v. Gerber Prod. Co.*,
  552 F.3d 934 (9th Cir. 2008) ..................................................................................4

1

## I.   INTRODUCTION

2

Around the end of 2015, Defendant changed the labeling of the challenged

3

products so that instead of saying, for example, "100% Natural Moisturizers," the

4

products were (and continue to be) labeled "Made with 100% Natural Moisturizers."

5

Third Amended Complaint ("TAC"), ¶ 4.  Defendant's motion to dismiss primarily

6

rests on two arguments that are based on the labeling change.[1]

7

Defendant first seeks dismissal of all claims and the request for injunctive

8

relief to the extent they challenge the current "made with" labeling, based on the

9

theory that no reasonable consumer could be confused or deceived by that labeling.

10

However, the Third Amended Complaint contains allegations about marketing

11

principles and Defendant's marketing strategy that explain *why* the current labeling

12

has the capacity to deceive or confuse a significant portion of targeted customers.

13

Defendant does not argue those allegations are implausible or deficient.

14

By seeking dismissal on the pleadings, Defendant is asking the Court to

15

resolve a factual dispute about how all reasonable consumers construe the current

16

labeling without the benefit of discovery, and when the standard *does not require*

17

*proof that all reasonable consumers construe the labeling the same way*.  That is an

18

especially dubious position to take when Defendant does not challenge or deny

19

several key allegations concerning the labeling.  Defendant's position also is

20

contrary to at least three decisions of the Ninth Circuit reversing dismissal or

21

summary judgment in favor of the defendant in natural labeling cases.  Instead of

22

challenging the allegations about marketing and consumer perceptions, Defendant

23

asks the Court to ignore them by claiming the amendments are procedurally

24

25

[1] Although Defendant's motion to dismiss addresses each claim and the request for

26

injunctive relief separately, Defendant relies on the same two arguments for
dismissal and makes no arguments that are unique to any particular claim or request

27

for relief.

28

improper.  That contention finds no support in this Court's March 25, 2019 Order granting leave to amend.  It also defies the well-settled rule that leave to amend is to be granted with "extreme liberality."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

Defendant's second argument seeks dismissal of the claims to the extent they challenge the old labeling (for example, "100% Natural Moisturizers").  Defendant contends Plaintiff cannot establish reliance and injury with respect to products with the old labeling because she continued to purchase them after the labeling changed.  Under Rule 12(g)(2), Defendant waived that argument by not raising it in its first motion to dismiss, and then waived it again by not raising it in its second motion to dismiss.  Moreover, Defendant is once again raising factual disputes that cannot properly be resolved on the pleadings, and overlooks that injury and reliance turn on the circumstances at the time of purchase, not years later.  The Court should deny Defendant's motion to dismiss in its entirety.

## II.   ARGUMENT

### A.   Plaintiff Sufficiently States Claims Challenging The Current Labeling

#### 1.   Defendant Does Not Challenge The Sufficiency Of Key Allegations In The Third Amended Complaint

In its March 25, 2019 Order granting in part Defendant's last motion to dismiss, the Court cited allegations in the prior complaint regarding Defendant's intentions when it changed the labeling to its current format, and held that Defendant's intent "has no bearing on the manner in which a reasonable consumer would interpret the words 'made with.'"  March 25, 2019 Order, at p. 3 (Doc. No. 40).  In the Third Amended Complaint, Plaintiff amended the allegations to clarify that the allegations are not just about Defendant's intent, *but also* about how

"targeted consumers" (not just the general public) here could be deceived or confused by the current labeling.

The Third Amended Complaint contains allegations explaining the role of package design in consumer purchase decisions and "cues" of naturalness that companies use to convey the false impression that a product is all natural.  TAC, ¶ 37.   The Third Amended Complaint specifically calls out common marketing techniques that Defendant uses here:

> One common technique marketers use to signal that a product is "all natural" is to emphasize the absence of certain chemical ingredients such as phthalates or parabens. *Conversely, another common technique is to emphasize the presence of natural ingredients without disclosing on the front label that the product is mostly synthetic.*  Such cues are commonly reinforced with leafy imagery, images of fruits or vegetables, and/or green text, as is the case here.

*Id.* (emphasis added); *see also id.* at ¶ 38 (alleging Defendant deployed "widely-known marketing principles" to convey the impression or "psychological cues" that "the Products contain only 'natural' ingredients.")  These cues are designed to influence consumers who "take on average seven seconds to decide whether to buy a product."  TAC, ¶ 37.

In keeping with the reasonable consumer standard's focus on "targeted consumers," Plaintiff also alleges that "'100% natural' is and has always been key to the St. Ives brand."  TAC, ¶ 36.  In that context, "[t]argeted consumers familiar with the St. Ives Brand would have no reason to construe tiny words saying 'made with' as a disclosure that the products contained synthetic ingredients."  *Id.*[2]

---

[2] To be crystal clear, Plaintiff does *not* allege that leafy imagery, images of fruits or vegetables, and/or green text are misleading on their own.  The issue is the overall context of the labeling text and images, and whether in that context the labeling has the capacity to deceive or confuse customers.  *See Jou v. Kimberly-Clark Corp.*, 2013 WL 6491158, at *10 (N.D. Cal. Dec. 10, 2013) (even though images of green

The above-referenced allegations provide more than the "short and plain" statement required under Rule 8(a)(2) and must be accepted as true at this juncture—particularly given that Defendant does not argue they are implausible or deficient. *Lucas R. v. Azar*, 2018 WL 7200716, at *3 (C.D. Cal. Dec. 27, 2018) (Gee, J.) ("In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true").  Defendant's own marketing 30(b)(6) witnesses and documents will likely corroborate those allegations in discovery.  By seeking dismissal, Defendant is asking the Court to decide complex factual disputes about marketing and consumer perceptions without the benefit of admissions by Defendant or the opinions of Plaintiff's marketing expert.  Plaintiff respectfully submits that such an outcome would be reversible error under the Ninth Circuit authorities addressed in Section II(A)(2) below.

### 2. The Question Of Whether The Current Labeling Has The Capacity To Mislead Or Confuse Targeted Consumers Is A Question Of Fact

The Ninth Circuit holds that "[w]hether a business practice is deceptive, misleading, or unfair is ordinarily a question of fact to be decided by a jury." *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016) (citing *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).  Although there are "rare situations in which granting a motion to dismiss [based on the reasonable consumer standard] is appropriate," the operative word is "rare."  *Williams*, 552 F.3d at 938. There are at least three decisions of the Ninth Circuit holding that the lower court erred by concluding, as a matter of law, that no reasonable consumer could be deceived or confused by "natural" labeling.  *See Williams*, 552 F.3d at 938 (reversing order granting motion to dismiss); *Balser*, 640 F. App'x at 696 (same); *Brazil v. Dole*

---

leaves on packaging were not deceptive on their own, they reinforced the plausibility of plaintiff's natural labeling claims).

*Packaged Foods, LLC*, 660 F. App'x 531, 533–34 (9th Cir. 2016) (reversing summary judgment for defendant in "natural" labeling case due to question of fact over the reasonable consumer standard).  In contrast, Defendant cites no natural labeling case, and Plaintiff is aware of none, where the Ninth Circuit affirmed dismissal based on the argument Defendant makes here.

When ruling on Defendant's motion to dismiss the earlier Second Amended Complaint, this Court previously distinguished *Williams* as follows:

> [*Williams*] is distinguishable because it stated that the fruit snacks were "made with 'fruit juice and other all natural ingredients[,]'" which implied that the product's remaining ingredients were also all natural. … In contrast, the labels in the instant case each single out only one subset of ingredient (i.e., a moisturizer, extract, or exfoliant) *such that a reasonable consumer would conclude that the words "Made with" are synonymous with nonexhaustive words like "including" and "containing."*

*Robinson v. Unilever U.S., Inc.*, 2018 WL 6136139, at *6 (C.D. Cal. June 25, 2018) (emphasis added).  That analysis does not support dismissal of the Third Amended Complaint.  First, as the court in *Friends of Earth v. Sanderson Farms, Inc.*, 2018 WL 7197394, at *4 (N.D. Cal. Dec. 3, 2018), explained, while lawyers and judges may be quick to discern subtle turns of phrase, "the reasonable consumer standard does not demand that consumers interpret advertisements the same way a judge interprets statutes."  That is because the reasonable consumer standard does not require a reasonable consumer to be "exceptionally acute and sophisticated."  *Lavie v.  Proctor & Gamble Co.*, 105 Cal. App. 4th 496, 510 (Cal. App. 2003).

Second, Plaintiff also is not required to prove how all or even a majority of people construed the labeling.  Instead, she need only prove that a "*significant portion … of targeted consumers*, acting reasonably in the circumstances, *could be*

misled by the relevant label." *Cesta v. Trader Joe's Co.*, 2018 WL 6075352, at *5 (C.D. Cal. Aug. 28, 2018) (Gee, J.) ((emphasis added) (internal quotation omitted).[3]

Therefore, while it is plausible that *some* consumers construe the labeling in the manner described by the Court, reasonable minds can disagree, and there is a factual dispute about whether the labeling has the capacity to mislead or confuse *other* reasonable consumers. And, as noted above, the Third Amended Complaint includes an allegation that singling-out certain natural ingredients on the front packaging is a common marketing technique the Defendant used here to confuse or deceive consumers into thinking the entire product is natural. TAC, ¶ 38. The complaint also alleges that consumers targeted by Defendant's marketing could reasonably construe the meanings of terms like "moisturizer" and "exfoliant" to refer to what the products actually are, rather than just ingredients in the products. *Id.* at ¶ 34.

Based on these principles, several courts have rejected arguments similar to those Defendant makes here. In *Fagan v. Neutrogena Corp.*, 2014 WL 92255, at *2 (C.D. Cal. Jan. 8, 2014), for example, the defendant argued on a motion to dismiss that, as a matter of law, the label "100% naturally sourced sunscreen ingredients" was not deceptive because it referred only to specific ingredients. Judge Wilson of this District rejected that argument, explaining, "Defendant's argument that the

---

[3] *See also In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1112-13 (C.D. Cal. 2015) (presumption of materiality where "37.1% and 41.5% of respondents who viewed this advertisement believed it conveyed an overall implied safety message); *Guido v. L'Oreal, USA, Inc.*, 2013 WL 3353857, at *11 (C.D. Cal. July 1, 2013) ("resolution of the class claims does not require an individualized inquiry to determine whether each member of the class was subjectively deceived by Serum's packaging, nor are individualized inquiries required to determine how the packaging affected each class member"); *Oshana v. Coca-Cola Co.*, 2005 WL 1661999, at *9 (N.D. Ill. July 13, 2005) (presumption of materiality applied where only 24 percent of consumers "would behave differently").

representations are literally true because the term '100%' only applies to the ingredients in the products that provide protection from the sun (and not to other ingredients in the lotions that serve other purposes) rests on one possible interpretation of the language, but it is not the only possible interpretation." *Id.*

Similarly, in *Jou*, 2013 WL 6491158, at *7, the district court correctly held that "[w]hether a reasonable consumer would agree with Plaintiffs ('natural' means no non-natural ingredients) or with Defendant ('natural' means at least one natural ingredient among other, possibly non-natural ingredients) or with neither is not a question that can be resolved on a Rule 12(b)(6) motion." *See also Langan v. Johnson & Johnson Consumer Companies, Inc.*, 95 F. Supp. 3d 284, 289 (D. Conn. 2015) ("it seems perfectly reasonable to me that a typical consumer might interpret the phrase '100% naturally-sourced sunscreen ingredients' on a sunscreen product label to mean that the whole product was natural."). The reasoning in *Fagan*, *Jou*, and *Langan* applies equally here. As shown in Section II(A)(1) above, the allegations sufficiently support the existence of a factual dispute over how a substantial number of targeted consumers would construe the current labeling.

### 3. Defendant's Procedural Challenge To The Allegations About The Current Labeling Lacks Merit

Defendant argues "the Court did not grant Plaintiff leave to make any amendments" concerning the current labeling, and therefore "should dismiss the fraud-based claims regarding the current labels for that reason alone." MTD, 6:12-18. That argument is unsupported by this Court's March 25, 2019 Order ("Order"). The Court granted leave to remedy "pleading deficiencies," and noted that certain allegations in the Second Amended Complaint concerning the current labeling were insufficient because they pertained to Defendant's "subjective intent." *See* Order, at 3, 8. As shown in Section II(A)(1) above, Plaintiff intended those allegations to

pertain to consumers' interpretation of the labeling, not just Defendant's intent, and corrected the allegations accordingly.

Unable to challenge the plausibility of those new allegations, Defendant resorts to procedural hairsplitting and arguing that "the Court need not consider" them.  However, the fact that Defendant is asking the Court to ignore allegations that Defendant does not otherwise challenge speaks volumes about the significance of those allegations.  Defendant's position also is contrary to the rule that amendment should be granted with "extreme liberality" (*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009)) and "guided by the underlying purpose of … facilitate[ing] [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

## B.    Defendant's New Argument Concerning The Old Labeling Does Not Support Dismissal

Defendant raises a new argument for the first time in its third motion to dismiss.  Namely, Defendant asks the Court to dismiss the complaint to the extent claims are based on the old labeling because, in Defendant's view, the fact that Plaintiff continued to purchase the products after the labeling changed establishes lack of reliance or injury.  That argument fails for the two reasons set forth below.

### 1.    Defendant's New Argument Violates Rule 12(g)(2)

Rule 12(g)(2) states, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  "A defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6), but the defense may be asserted in other ways." *In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 318 (9th Cir. 2017) ("*In re Apple*"); *Roger Kalaouz & Assoc. s.a.r.l. v. Broadus*, 2013 WL 12125760, at *2 (C.D. Cal. May 17, 2013) (Gee, J.) ("Defendants may not raise

for the first time a defense that was not raised in their initial motion to dismiss …"). The purpose of this rule is "'to avoid repetitive motion practice, delay and ambush tactics.'"  *In re Apple*, 846 F.3d at 318 (quoting *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1175 (C.D. Cal. 2011).  Although courts have discretion to permit newly-raised "failure to state a claim" arguments if it will serve judicial efficiency, they also may enforce the Federal Rules of Procedure and bar new arguments on successive Rule 12(b)(6) motions.  *See id.* at 319; *see also In re Packaged Seafood Prod. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1174 (S.D. Cal. 2017) (rejecting argument that district courts are required to permit new arguments on successive motions to dismiss); *Federal Trade Comm. v. Wellness Support Network, Inc.*, 2011 WL 4026867, at *3 (N.D. Cal. Sept. 12, 2011) (declining to adjudicate belated arguments in successive Rule 12(b)(6) motion).

Here, Defendant's new argument concerning reliance and injury is one that Defendant could have raised before but chose not to.  It is prejudicial for Defendant to argue for the first time on a *third* motion to dismiss that the Court should dismiss the claims with prejudice when the purported defect could have been addressed before.  That is the sort of "ambush tactic" that Rule 12(g) is intended to prevent.  *In re Apple*, 846 F.3d at 318.

On reply, Defendant will likely contend that it could not raise the argument until Plaintiff provided more detailed allegations about her purchasing history in the Third Amended Complaint, but that contention ignores the pleadings.  Plaintiff alleged that she purchased the products before and after the labeling change in the First Amended Complaint, and the allegations in the Second Amended Complaint made that point even more forcefully.  *See* First Amended Complaint, ¶ 11 (alleging Plaintiff saw, read and relied on new and old versions of the labels); Second Amended Complaint, ¶ 11-13 (same).  Defendant waived the argument twice before and should not be able to raise it now.

**2.     Defendant's New Argument About The Old Labeling Lacks Legal Support And Turns On A Factual Dispute**

Defendant's new argument concerning the old labeling also fails on the merits. First, the argument rests on the premise that Plaintiff knew or "should have known" from the current "made with" labeling that the products are not 100% natural.  MTD, 8:17-20.  That argument, in turn, is premised on Defendant's position that the current labeling has no capacity to deceive or confuse targeted consumers.  As shown in Section II(A) above, those issues are not susceptible to resolution on the pleadings.

Second, even if the Court concludes Plaintiff's interpretation of the current labeling was unreasonable, it does not follow that Plaintiff lacked reliance or injury when purchasing products with the older labeling in 2014-2015.  The injury and reliance elements focus on "the time of purchase," not events that occur later.  *Cf. e.g.*, *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015).  Further, Plaintiff alleges she was deceived by both versions of the labels (TAC, ¶ 18), and that because "'100% natural' is and has always been key to the St. Ives brand," she had "no reason to construe [the current labeling] as a disclosure that the products contained synthetic ingredients."  *Id.* at ¶ 36.  At this juncture, those allegations must be accepted as true.  *See Lucas*, 2018 WL 7200716, at *3. Defendant's argument also cannot support dismissal because "whether or not reliance was justified is a question of fact for the fact finder to decide."  *Kabbash v. Jewelry Channel, Inc. USA*, 2015 WL 6690236, at *4 n.4 (C.D. Cal. Nov. 2, 2015) (Gee, J.); *accord*, *e.g.*, *Gutierrez v. Wells Fargo & Co.*, 2009 WL 1246689, at *3 (N.D. Cal. May 5, 2009) ("[w]hether the injured party relied on a misrepresentation or whether that reliance was justified and reasonable are questions of fact.").

Judge Carter of this District rejected a similar argument in *Boswell v. Costco Wholesale Corp.*, 2016 WL 3360701 (C.D. Cal. June 6, 2016).  That case involved allegations that Costco made misleading representations that coconut oil is healthy, when in fact it is mostly saturated fat.  *Id.* at 1.  Similar to Defendant here, Costco

argued that "since Plaintiffs admit they would consider purchasing Coconut Oil in the future, they undermined their claim for reliance." *Id.* at 6.  Judge Carter rejected that argument, explaining, "the fact Plaintiffs may consciously choose to purchase an unhealthy product in the future does not undermine their claim for reliance *at the time* of the purchases in question." *Id.* (emphasis in original).  The same reasoning applies here.  Even if Plaintiff knew or should have known in 2016-2017 from the current labeling that the St. Ives products contain synthetic ingredients, that does not undermine her claim for reliance when she purchased products with the older labeling in in 2014-2015.

Defendant cites only two cases in support of its argument: *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), and *Kamboh v. Bac Home Loans Servicing LP*, 2010 WL 11595708, *4 (C.D. Cal. Oct. 7, 2010).  Neither opinion is on point.  In *Sprewell*, an arbitration award attached to the complaint directly contradicted plaintiff's allegations that disciplinary actions were motivated by racial discrimination (*Sprewell*, 266 F.3d at 989), and in *Kamboh*, the plaintiff made allegations about his debt that were "clearly contradictory" and "fundamentally inconsistent." *Kamboh*, 2010 WL 11595708, at *4.  In contrast, there are no directly contrary allegations here.  Instead, Defendant is asking the Court to draw an inference against Plaintiff based on her purchase history.  That tactic is contrary to the rule that courts are required to "draw all reasonable inferences *in favor* of plaintiff" on a motion to dismiss.  *Pierce-Nunes v. Toshiba Am. Information Sys., Inc.*, 2015 WL 12655594, at *2 (C.D. Cal. Jan. 8, 2015) (Gee, J.) (emphasis added).

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion to Dismiss.

1  Dated: May 30, 2019                 Respectfully submitted,

2                                      **BURSOR & FISHER, P.A.**

3                                      By:_____*/s/ Joel D. Smith*_____
                                              Joel D. Smith
4

5                                      L. Timothy Fisher (State Bar No. 191626)
                                       Joel D. Smith (State Bar No. 244902)
6                                      Yeremey O. Krivoshey (State Bar No. 295032)
7                                      1990 North California Blvd., Suite 940
                                       Walnut Creek, CA  94596
8                                      Telephone: (925) 300-4455
9                                      Facsimile:  (925) 407-2700
                                       Email: ltfisher@bursor.com
10                                            jsmith@bursor.com
11                                            ykrivoshey@bursor.com

12                                     **NATHAN & ASSOCIATES, APC**
13                                     Reuben D. Nathan (State Bar No. 208436)
                                       2901 W. Coast Hwy., Ste. 200
14                                     Newport Beach, CA 92663
15                                     Telephone: (949) 270-2798
                                       E-Mail: rnathan@nathanlawpractice.com
16

17                                     *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28